**DRAY, DYEKMAN, REED & HEALEY, P.C.**
Gregory C. Dyekman
Timothy L. Woznick
204 East 22nd Street
Cheyenne, Wyoming 82001
(307) 634-8891

-and-

**DENTONS US LLP**
D. Farrington Yates
Oscar N. Pinkas (pro hac pending)
James A. Copeland
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

*Counsel for the Petitioner*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re<br><br>STRATA ENERGY SERVICES INC.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-_____ |
| In re<br><br>STRATA SERVICES INTERNATIONAL INC.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-_____<br><br>Recognition and Joint Administration Requests Pending |

### MOTION PURSUANT TO BANKRUPTCY RULE 1015(b) FOR
### ORDER DIRECTING JOINT ADMINISTRATION OF CASES
### <u>UNDER CHAPTER 15 OF THE BANKRUPTCY CODE</u>

The Fuller Landau Group Inc., in its capacity as the appointed receiver and

the duly authorized foreign representative (in such capacity, the "<u>Petitioner</u>"), for Strata

Energy Services Inc. ("<u>Strata Energy</u>") and Strata Services International Inc. ("<u>Strata

International" together with Strata Energy, "Strata" or the "Debtors") in a receivership proceeding under section 243 of Canada's *Bankruptcy and Insolvency Act* (R.S.C. 1985, c. B-3) (the "BIA"), pending before the Court of Queen's Bench of Alberta, Judicial Centre of Calgary (the "Canadian Court"), File No. 1501-12233 (the "Canadian Proceeding"), hereby moves (the "Motion") this Court for entry of an order, pursuant to section 105(a) of title 11 of the United States Code ("Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1015-1 and 9013-1 of the Local Bankruptcy Rules for the District of Wyoming (the "Local Rules"), (i) authorizing and directing the joint administration of these related chapter 15 cases (the "Chapter 15 Cases") for procedural purposes only, and (ii) declaring that the basis for relief set forth herein satisfies the requirement under Local Rule 9013-1 to file a "short, concise, statement of the arguments and authorities relied on," or in the alternative waiving such filing requirement.  In support of the Motion, the Petitioner relies upon and incorporates by reference the *Declaration of Ken Pearl in Support of Verified Petitions for Recognition of Canadian Proceeding under Chapter 15 and Motion for Order Granting Related Relief* (the "Petitioner Declaration"), filed with the Court concurrently herewith.  In further support of the Motion, the Petitioner respectfully represents as follows:

## BACKGROUND

1.     The Petitioner respectfully refers the Court to the Petitioner Declaration filed concurrently herewith for additional information regarding the Strata's business

operations, its assets and liabilities, and the circumstances leading to the commencement of the Canadian Proceeding and the Chapter 15 Cases. The Petitioner hereby incorporates the Petitioner Declaration as if set forth fully herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

4. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## RELIEF REQUESTED

5. By this Motion, the Petitioner respectfully requests the entry of an order, substantially in the form of the proposed order attached hereto as Exhibit A, (a) authorizing and directing the joint administration of the Chapter 15 Cases for procedural purposes only, (b) declaring that the Motion satisfies the requirement of Local Rule 9013-1 to include a written statement of arguments and authorities in support of the relief requested herein, and (c) granting such other relief as the Court deems just and proper.

6. In addition, the Petitioner requests that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 15 cases listed below. The docket in the chapter 15 case for Strata Energy Services Inc., case no. 15-_____, should be consulted for all matters affecting this case. The

following chapter 15 cases are jointly administered pursuant to the Joint Administration Order: Strata Energy Services Inc. and Strata Services International Inc.

7. Further, the Petitioner requests that the Court authorize the Petitioner to use a combined service list for the Chapter 15 Cases and that combined notices be sent to the Debtors' creditors and other parties in interest as applicable.

## BASIS FOR RELIEF

8. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the cases of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b).

9. The Petitioner Declaration, filed simultaneously herewith, establishes that joint administration of the Chapter 15 Cases (i) is warranted because the Debtors' financial affairs and business operations are closely related, (ii) will ease the administrative burden on the Court and the parties, and (iii) protects creditors of different Debtors against potential conflicts of interest.

10. The Petitioner anticipates that the various notices, applications, motions, other pleadings, hearings, and orders in these cases will affect both Debtors. With two closely affiliated Debtors, each with its own case docket, the failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of this Court (the "Clerk").

11. Joint administration will permit the Clerk to use a single docket for each of the Debtors' cases and to combine notices to the Debtors' creditors and other parties in interest. Joint administration will also protect parties in interest by ensuring that such parties in interest in each of the Chapter 15 Cases will be apprised of the various matters before the Court.

12. The Petitioner requests that the official caption to be used by all parties in all pleadings in the Debtors' jointly administered cases be in the form set forth above.

13. The Petitioner submits that use of the simplified caption, without reference in the caption itself to each Debtor, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

14. The rights of the respective creditors of each Debtor will not be adversely affected by the joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has concerning a given Debtor against which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from the joint administration of the Chapter 15 Cases. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of the Chapter 15 Cases by the Office of the United States Trustee will also be simplified.

## NOTICE

15. The Petitioner proposes to notify all creditors of the Chapter 15 Cases in the method set forth in the Petitioner's *Ex Parte Motion For An Order (I) Scheduling*

*Hearing Regarding Verified Chapter 15 Petitions, and (II) Specifying Form and Manner of Service of Notice*. In light of the nature of the relief requested, the Petitioner submits, and requests that this Court hold, that no further notice is required.

## **CONCLUSION**

**WHEREFORE**, the Petitioner respectfully requests that the Court enter an Order, substantially in the form of the proposed order attached hereto as Exhibit A, (a) authorizing the joint administration of the Chapter 15 Cases, (b) declaring that the Motion satisfies the requirements of Local Rule 9013-1, and (c) granting such other relief as the Court deems just and proper.

[*signature on following page*]

Dated: December 14, 2015
Cheyenne, Wyoming

Respectfully submitted,

**DRAY, DYEKMAN, REED & HEALEY, P.C.**

  */s/ Gregory C. Dyekman*
Gregory C. Dyekman
Timothy L. Woznick
204 East 22nd Street
Cheyenne, Wyoming 82001
Tel: (307) 634-8891
Fax: (307) 634-8902
Email: greg.dyekman@draylaw.com
    tim.woznick@draylaw.com

-and-

**DENTONS US LLP**
D. Farrington Yates
Oscar N. Pinkas (pro hac pending)
James A. Copeland
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 768-6700
Fax:  (212) 768-6800
Email: farrington.yates@dentons.com
    oscar.pinkas@dentons.com
    james.copeland@dentons.com

*Counsel for the Petitioner*